**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

CARL SANDERS,                       Case No. 8:20-bk-02731-RCT
    Debtor.[1]                            Chapter 7
_____/

## MOTION FOR CONTEMPT AND SANCTIONS
## DUE TO WILLFUL VIOLATION OF THE AUTOMATIC STAY

NOW COMES, Debtor by and through the undersigned counsel, pursuant to 11 U.S.C. §§ 105(a) and 362, and files this *Motion for Contempt and Sanctions Due to Willful Violation of the Automatic Stay*. In support of this Motion, Debtor states as follows:

1.  Spinnaker Cove Townhomes Property Owners Association, Inc. ("Creditor") is in willful and continuous violation of 11 U.S.C. §§ 362(a)(1).

2.  Creditor has willfully violated 11 U.S.C. § 362(a)(1) by filing a *Motion for Contempt* against Debtor in Hillsborough County Case No. 19-CC-026490 ("State Court Case"), an action involving Creditor, Debtor, and property of the bankruptcy estate.[2]

3.  On March 30, 2020, Debtor filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code.

4.  The filing of a bankruptcy petition operates as an automatic stay to the "commencement or continuation… of a judicial, administrative, or other action proceeding against the debtor."[3]

5.  Spinnaker Cove is represented in the State Court Case by attorneys at Rabin Parker Gurley, P.A. ("RPG).

---

[1] All references to "Debtor" include and refer to both debtors in a case filed jointly by two individuals.
[2] *See* Exhibit "A."
[3] 11 U.S.C. §§ 362(a)(1).

6.  Creditor and Debtor are also involved in litigation in another case, Hillsborough Case No. 18-CA-006414, in which a *Suggestion of Bankruptcy* was filed on March 30, 2020.[4]

7.  On April 2, 2020, Monique Parker an attorney at RPG filed a notice of appearance in this bankruptcy case on behalf of Creditor.[5]

8.  To establish a violation of the automatic stay the Debtor must show that:

(1) a bankruptcy petition was filed;
(2) the creditor received notice of the petition;
(3) the creditor's actions were in willful violation of the automatic stay;
(4) the debtor is an "individual; and
(5) the debtor suffered damages as a result of the violations.[6]

9.  The debtor filed the bankruptcy petition on March 30, 2020 and was assigned Case No. 8:20-bk-02731.

10. As evidenced by the notice of appearance,[7] there is no question that on or before April 2, 2020, Creditor had actual knowledge that this bankruptcy case was pending.

11. Despite this knowledge, Creditor willfully filed the *Motion for Contempt* against Debtor on April 13, 2020 in the State Court Case.[8][9]

12. As a natural person, Debtor is an "individual" under the bankruptcy code.[10]

13. Debtor has incurred actual damages in the form of attorney's fees and costs due to the need to defend and enforce the provision of the automatic stay.[11][12]

---

[4] *See* Exhibit "B."
[5] *Notice of Appearance as Counsel and Request for Copies* (Doc. No. 4).
[6] *Henkel v. Lickman (In re Lickman)*, 297 B.R. 162, 190 (Bankr. M.D. Fla. 2003) (Corcoran III, C.).
[7] *Notice of Appearance as Counsel and Request for Copies* (Doc. No. 4).
[8] *See* Exhibit "A."
[9] *See In re Xavier's of Beville, Inc.*, 172 B.R. 667, 671 (Bankr. M.D. Fla. 1994) (Proctor, G.) ("A violation of the automatic stay is willful if the action is done deliberately; no specific intent to violate a court order is necessary.")
[10] *See in re Georgia Scale Co.*, 134 B.R. 69, 72 (Bankr. S.D. Ga. 1991) (Dalis, J.) (Enforcement of the automatic stay is available to natural persons.)
[11] 11 U.S.C § 362(k).
[12] *See Lickman*, 297 B.R. at 196 (When attorney's fees and costs would not have been necessary but for the Defendant's actions the damages are a proximate cause of the Defendant's violations of the automatic stay.)

14. The automatic stay applies to "all entities" that are not exempt from the protections of 11. U.S.C. §362, and Debtor is entitled to compensation for the cost and expenses incurred as a direct result of Creditor's willful and knowing violation of the automatic stay.[13]

15. Creditor's actions were egregious and intentional. To deter Creditor from engaging in similar wrongful conduct in the future, the Court would be justified in imposing additional punitive damages.[14]

WHEREFORE, Debtor requests the entry of an order granting this Motion, imposing actual and punitive damages, and for any further relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or before May 5, 2020, a true and correct copy of the foregoing was furnished via electronic or regular mail to the following parties:

| | | |
|---|---|---|
| Traci K. Stevenson<br>Standing Chapter 7 Trustee<br>P.O. Box 86690<br>Madeira Beach, FL 33738 | United States Trustee – TPA7/13<br>Timberlake Annex, Ste. 1200<br>501 E. Polk St.<br>Tampa, FL 33602-3949 | Spinnaker Cove Townhomes<br>c/o Rabin Parker, P.A.<br>Attn: Monique Parker, Esq.<br>28059 U.S. Hwy. 19 N., Ste 301<br>Clearwater, FL 33761 |

/s/ Kenneth R. Case
Kenneth R. Case, Esq.
Florida Bar No. 0073758
BROWN & ASSOCIATES LAW & TITLE, P.A.
11373 Countryway Blvd.
Tampa, FL 33626
T: (813) 289-8485
F: (813) 855-8485
E: kenny@brownalt.com

---

[13] *In re Tyson*, 145 B.R. 91, 96 (Bankr. M.D. Fla. 1992) (Paskay, A.).
[14] *In re Nibbelink*, 403 B.R. 113, 122 (Bankr. M.D. Fla. 2009) (Funk, J.).

IN THE COUNTY COURT FOR THE
THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

SPINNAKER COVE TOWNHOMES
PROPERTY OWNERS
ASSOCIATION, INC.,
Plaintiff,
v.                                                                                    Case No.: 19-CC-026490

CARL SANDERS and
JOHANNE C. HAKEY,
Defendants.
_____/

## MOTION FOR CONTEMPT

Plaintiff, SPINNAKER COVE TOWNHOMES PROPERTY OWNERS ASSOCIATION, INC., (the "Plaintiff"), by and through their undersigned counsel, hereby requests this Honorable Court enter an order of contempt against Defendants, CARL SANDERS and JOHANNE C. HAKEY ("Defendants"), and in support thereof states as follows:

1. On February 13, 2020, the Court entered an Order Granting Plaintiff's Motion for Summary Judgment, ordering Defendant to: "Obtain and provide written proof of insurance sufficient to satisfy Section 8.1(A) of the Association's Declaration. Such proof shall be provided to the Association's legal counsel within twenty (20) days of the date of this Order. . . "

2. As of the date of this filing, Defendants have failed to comply with this provision of the Court's Order.

3. Plaintiff has incurred additional attorneys' fees as a result of Defendant's failure to comply with the Court's Order.

WHEREFORE, Plaintiff requests this Court to enter an Order adjudging the Defendants, CARL SANDERS and JOHANNE C. HAKEY, to be in Contempt of Court, and requiring as follows:

1. The Defendants to immediately comply with the Court's Order(s);
2. Reserve jurisdiction to enter a Writ of Bodily Attachment upon receipt of an affidavit confirming non-compliance with this Court's prior Order(s);

Page 1

10058-058

# EXHIBIT A

3. Award attorney's fees and costs incurred by the Association in connection with this action, to include additional fees and costs incurred as a result of the Association's efforts to secure the Defendants' compliance with this Court's prior Order(s); and

4. Any other and additional sanctions, or such other relief, as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by First-Class U.S. Mail on this 13th day of April, 2020, to Defendant Johanne C. Hakey, 4337 Spinnaker Cove Lane Tampa, Florida 33607 and Defendant Carl Sanders, 4337 Spinnaker Cove Lane, Tampa, Florida 33607.

> RABIN PARKER GURLEY, P.A.
> 28059 U.S. 19 North, Suite 301
> Clearwater, Florida  33761
> Telephone: (727)475-5535
> Facsimile: (727)723-1131
> For Electronic Service: Pleadings@RabinParker.com
> Counsel for Plaintiff
>
> By: /s/ John D. Kimbrough III
>     Adam C. Gurley, Florida Bar No.: 112519
>     John Kimbrough III, Florida Bar No.: 1018111

Page 2

10058-058

### IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
### IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

SPINNAKER COVE TOWNHOMES
PROPERTY OWNERS ASSOCIATION, INC.,
    Plaintiff,

v.                                  Case No. 18-CA-006414

CARL SANDERS, et al,
    Defendants.
_____/

### SUGGESTION OF BANKRUPTCY

    COMES NOW Defendant[1], CARL SANDERS, by and through the undersigned counsel[2], and suggests as follows:

    1.    On March 30, 2020, Defendant filed a petition for relief under Title 11, United States Code, in the Bankruptcy Court for the Middle District of Florida, and was assigned case number 8:20-bk-02731.

    2.    Pursuant to 11 U.S.C. § 362(1), the filing of a petition may operate as a stay against the continuation of any judicial proceedings affecting the debtor or property of the estate.

    WHEREFORE, Defendant suggests that all activity and deadlines in this matter be ceased or cancelled until further order of the Bankruptcy Court.

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that, on or before March 30, 2020, a true and correct copy of the foregoing has been furnished via electronic mail to all parties on the Court's E-Filing Portal Electronic Service List for this matter.

                        /s/ *Kenneth R. Case*
                        Kenneth R. Case, Esq.
                        FBN: 0073758
                        BROWN & ASSOCIATES LAW & TITLE, P.A.
                        11373 Countryway Blvd.
                        Tampa, FL 33626
                        T: (813) 528-4044
                        F: (813) 855-8485
                        E: courtdocuments@brownalt.com

---

[1] All references to "Defendant" include and refer to all listed defendants, unless otherwise specified.
[2] The filing of this suggestion is for informational purposes only and should not be construed in any way as a notice of general or special appearance on behalf of any party or parties in this matter.

# EXHIBIT B