**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

CARL SANDERS,                                             Case No. 8:20-bk-02731-RCT
       Debtor.[1]                                                      Chapter 7
_____/

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Ste. 555, Tampa, FL 33602 and serve a copy on the movant's attorney, Kenneth R. Case, Esq., 11373 Countryway Blvd., Tampa, FL 33626, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

**MOTION TO AVOID JUDICIAL LIEN OF**
**SPINNAKER COVE TOWNHOMES PROPERTY OWNERS**
**ASSOCIATION, INC. AND DETERMINE DISCHARGEABILITY**

      Debtor, by and through the undersigned counsel, pursuant to 11 U.S.C. § 522(f)(1), hereby files this *Motion to Avoid Judicial Lien and Determine Dischargeability*. In support thereof, Debtor states as follows:

      1.     Debtor filed a Voluntary Petition under Title 11, Chapter 7 of the Code on March 30, 2020.

      2.     Debtor requests the entry of an order avoiding the judicial lien of SPINNAKER COVE TOWNHOMES PROPERTY OWNERS ASSOCIATION, INC. ("Creditor").

---

[1] All references to "Debtor" include and refer to both debtors in a case filed jointly by two individuals.

3.	Creditor holds a Final Judgment filed in the Official Records of Hillsborough County, Instrument No. 2020110468, which was based upon a Claim of Lien filed in the Official Records of Hillsborough County, Book 17589, Page 817.

4.	Creditor's judgment lien impairs Debtor's homestead exemption on the property located at 4337 Spinnaker Cove Ln., Tampa, FL 33615. More formally described as:

> **Lot 3, Block 2, Revised, All of Lot 3, Less the Northerly 2.65 feet thereof, Together with the Northerly 2.65 feet of Lot 4, Block 2, of Spinnaker Cove Town homes, according to the plat thereof as recorded in Plat Book 94, Page 35, of the Public Record of Hillsborough County, Florida, and being more particularly described as follows:**
> **Beginning at the Southwesterly corner of said Lot 3, run thence along the Westerly boundary of said Block 2, N.33"00'0-0"E., 19.35 feet; thence along a line lying 2.65 feet Southerly of and parallel with the Northerly boundary of said Lot 3, S.57"00 00"E., 76.50 feet to a point on the Easterly boundary of said Block 2; thence along said Easterly boundary of Block 2, S.33"00'00"W., 22.00 feet; thence along a line lying 2.65 feet Southerly of and parallel with the Northerly boundary of the aforesaid Lot 4, N.57"00'00"W., 76.50 feet to a point on the aforesaid Westerly boundary of Block 2; thence along said Westerly boundary of Block 2, N.33"00'00"E., 2.65 feet to the Point of Beginning. Containing 1683 square feet, more or less.**

5.	Creditor's Claim of Lien was filed on March 20, 2007 and Creditor's *Complaint to Foreclose Homeowner's Assessment Lien* was filed on June 6, 2018, therefore Creditor's claim is barred by the five year statute of limitations.[2]

6.	The fact that Creditor was able to obtain a Final Judgment despite this clear error, means that this Court is not bound by the normal constraints of collateral estoppel.[3]

7.	Creditor's lien is not the product of a valid and enforceable security interest, but is instead a product of an erroneously imposed judicial lien.

WHEREFORE, Debtor respectfully requests entry of an order avoiding Creditor's lien, determining Creditor's Claim to be dischargeable, and granting any additional relief that this honorable court deems just and fair.

---

[2] Fla. Stat. §§ 720.3085(c) and 95.11(2)(c).
[3] *In re Gurley*, 357 B.R. 868, 878 – 9 (Bankr. M.D. Fla. 2006) (Briskman, A.) *citing Royal Ins. Co. v. Latin Am. Aviation Servs.*, 210 F.3d 1348, 1350 (11th Cir. 2000) (One exception to the law of the case doctrine is that the court's decision was "clear error" resulting in "manifest injustice.")

## DECLARATION OF DEBTOR

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated therein are true and correct to the best of my knowledge and belief.

| | |
|---|---|
| /s/ *Carl Sanders* | June 12, 2020 |
| Carl Sanders | Date |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or before June 12, 2020, a true and correct copy of the foregoing was furnished via U.S. first class mail or by electronic mail via the court's CM/ECF service:

Traci K. Stevenson
Standing Chapter 7 Trustee
P.O. Box 86690
Madeira Beach, FL 33738

United States Trustee – TPA7/13
Timberlake Annex, Ste. 1200
501 E. Polk St.
Tampa, FL 33602-3949

Spinnaker Cove Townhomes
c/o Rabin Parker, P.A.
Attn: Monique Parker, Esq.
28059 U.S. Hwy. 19 N., Ste 301
Clearwater, FL 33761

Spinnaker Cove Townhomes
c/o CT Corporation System
1200 South Pine Island Rd.
Plantation, FL 33324

*/s/ Kenneth R. Case*
Kenneth R. Case
Florida Bar No. 0073758
**Brown & Associates Law & Title, P.A.**
11373 Countryway Blvd.
Tampa, FL 33626
T: (813) 289-8485
F: (813) 855-8485
E: kenny@brownalt.com