ORDERED.

**Dated:  September 15, 2020**

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Carl Sanders,                                        Case No.  8:20-bk-02731-RCT
                                                               Chapter 13

                    Debtor.
_____

**ORDER GRANTING, IN PART, DEBTOR'S
MOTION FOR CONTEMPT AND SANCTIONS
DUE TO WILLFUL VIOLATION OF THE AUTOMATIC STAY,
AND DIRECTING THE MATTER BE SET FOR TRIAL ON DAMAGES**

THIS CASE is before the Court on Debtor's *Motion For Contempt and Sanctions Due*

*to Willful Violation of the Automatic Stay* (Doc. 8) (the "Motion"), and the response to the

Motion filed by Spinnaker Cove Townhomes Property Owners Association (the "Association")

(Doc. 11).  Post-hearing briefs were filed after the preliminary hearing on the Motion (Docs. 17

& 19).[1]  The Court has considered the papers, together with the relevant case law, and concludes

that the Motion should be granted, in part, and set for trial on the issue of damages.

_____
[1]  At the hearing, the Court asked about the applicable standard for "willfulness" with respect to violations of the automatic stay and whether the U.S. Supreme Court's decision in *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), affected that standard.  The parties were invited to brief the issue.

Background

Debtor commenced this case under chapter 7 of the Bankruptcy Code[2] on March 30, 2020.[3]   At the time, Debtor and the Association were embroiled in two different state court actions, both brought by the Association against the Debtor.[4]   Within the documents that accompanied his petition, Debtor disclosed the litigation and scheduled the Association as an creditor with an unsecured claim of $144,374.97.   Debtor characterized the unsecured claim, which he did not indicate was contingent, unliquidated, or disputed, as a "Judgment."[5]   Debtor also properly included the Association on the creditor matrix.

On April 2, Rabin Parker, P.A. filed a notice of appearance as attorneys for the Association in this case.[6]   The Court is familiar with the firm as it has represented clients, usually community associations, in numerous cases filed in this Court.   Rabin Parker also represents the Association in the state court proceedings against Debtor.[7]   A few days after the attorneys made their appearance, the notice of the commencement of the case was entered on the docket and served upon both the Association and its attorneys.[8]

On April 13, notwithstanding knowledge of Debtor's bankruptcy, the Association through its attorneys filed a *Motion for Contempt* (the "Contempt Motion") against Debtor in the state court.[9]   Three weeks later, Debtor filed the Motion.

Debtor argues that the Association's filing of the Contempt Motion was a clear and willful violation of the automatic stay.   Pursuant to § 362(k)(1), Debtor seeks actual damages

---

[2]  11 U.S.C. §§ 101–1532 ("Code" or "Bankruptcy Code").
[3]  Doc. 1.
[4]  Doc. 8 ¶¶ 2, 6.
[5]  Doc. 1 at 21 & 32.
[6]  Doc. 4.
[7]  Doc. 19 Ex. A; *see* Doc. 8 Ex. A.
[8]  Docs. 5 & 7.
[9]  Doc. 8 Ex. A.

in the form of attorney's fees. Debtor also seeks punitive damages as a deterrent to future similar wrongful conduct. To support a punitive award, Debtor claims that the Association's actions were "egregious and intentional,"[10] noting that the Association had made no attempts to remedy the alleged violation.[11]

The Association responds that its actions were not a violation of the automatic stay and that even if they were, its actions were not "willful" as it had not intended to violate the stay. Debtor had failed to maintain homeowner's insurance on his property in violation of the governing declaration, and the state court had ordered, on February 13, that Debtor was to provide the Association proof of insurance within twenty days. Debtor failed to comply, prompting the Association to file the Contempt Motion to secure Debtor's compliance.[12]

The Association argues that it did not violate the automatic stay because the Contempt Motion was not an attempt to collect a debt but rather an attempt to obtain information to confirm Debtor's compliance with the declaration. The Association adds that it believed it had an obligation to protect the interests of all its residents, including Debtor, by ensuring that Debtor's unit was properly insured.[13] Further, the Association did not believe that its actions were wrongful at the time, asserting that it cannot be held liable because there was "fair ground of doubt" whether the filing of the Contempt Motion would be violation of the automatic stay.[14]

A few weeks after the parties had filed their post-hearing briefs, while the Motion was under advisement, Debtor voluntarily converted his case to chapter 13.[15] The chapter 13 plan

---

[10]  Doc 8 ¶ 15.
[11]  Doc. 17 at 3.
[12]  Doc. 11 ¶¶ 2–5.
[13]  Doc. 11 ¶¶ 7–8.
[14]  Doc. 11 ¶¶ 9–10; Doc. 19 at 2–3.
[15]  Docs. 20 & 21.

is silent on whether Debtor proposes to dedicate the damages he recovers on the Motion to his plan for the benefit of creditors.[16]

Discussion

Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by [§ 362(a)] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Among the matters and actions stayed by § 362(a) is the "continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was . . . commenced before the commencement of the [bankruptcy] . . . , or to recover a claim against the debtor that arose before the commencement of the [bankruptcy]."[17] A finding that a party's post-petition conduct willfully violated the stay may be avoided if the conduct "fall[s] under an exception to 11 U.S.C. § 362(b) or . . . the party . . . obtain[s] relief from the stay under 11 U.S.C. § 362(d)."[18]

Here, there can be little doubt that the Association's filing of the Contempt Motion violated the automatic stay as it involved the continuation of a judicial proceeding against the Debtor that had been commenced before the bankruptcy was filed. The Association's argument to the contrary is unavailing. Section 362(a)(1) does not exclude proceedings for injunctive relief. And it is clear from the several specific exceptions provided in § 362(b) that Congress knew how to carve out a particular type of judicial proceeding from the ambit of § 362(a)(1) if it chose to do so.[19] Further, the use of "or" in § 362(a)(1) indicates that the phrase "to recover

---

[16] Doc. 26. Debtor's chapter 13 plan proposes to strip the Association's lien from his homestead. If Debtor is successful and the proposed plan confirmed, the Association stands to receive nothing on its debt as Debtor has not provided a distribution to unsecured creditors.

[17] § 362(a)(1).

[18] *In re Lyubarsky*, 615 B.R. 924, 929 (Bankr. S.D. Fla. 2020) (citing *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1268 (11th Cir. 2014)).

[19] *E.g.*, § 362(b)(1) (excepting criminal proceedings); § 362(b)(2) (excepting domestic relations proceedings); § 362(b)(4) (excepting proceedings by a government unit enforcing its police and regulatory powers).

a claim" is separate from the initial prohibition.  If the initial prohibition were limited to the recovery of damages, as the Association suggests, it would render the latter superfluous.

But in this case, the real dispute is whether the Association's violation was "willful."  It is almost universally held that "[a] violation of the automatic stay is willful if the party knew the automatic stay was invoked and intended the actions which violated the stay."[20]  Specific intent to violate the automatic stay is not required.[21]  However, these cases largely predate the U.S. Supreme Court's recent decision in *Taggart v. Lorenzen*.[22]

In *Taggart*, the Supreme Court concluded, in the analogous context of a violation of the discharge injunction, that a bankruptcy court "may hold a creditor in civil contempt for violating a discharge order where there is not a 'fair ground of doubt' as to whether the creditor's conduct might be lawful under the discharge order."[23]  The standard is an objective one.  A person, regardless of his subjective belief, may be subject to contempt sanctions when he violates the discharge order based upon an "objectively unreasonable understanding" of the order's scope.[24]

Few circuit level courts have had the opportunity to consider the "willfulness" standard under § 362(k) since *Taggart*.  The Third Circuit adhered to the majority rule, *i.e.* notice of the bankruptcy and a deliberate act that violates the stay, while citing *Taggart* elsewhere with approval,[25] while the Ninth Circuit's Bankruptcy Appellate Panel assumed without deciding that "willfulness" was changed to incorporate *Taggart's* "fair ground of doubt" standard.[26]  But

---

[20] *In re Lyubarsky*, 615 B.R. at 929 (citing *Jove Eng'g v IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1555 (11th Cir. 1996)).

[21] *See Jove Eng'g v IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1555 (11th Cir. 1996)); *In re White*, 410 B.R. 322, 326 (Bankr. M.D. Fla. 2009); *McFarland v. City of Jacksonville (In re McFarland)*, No. 3:05-00688-JAF, 2008 WL 4550378, at *4 (Bankr. M.D. Fla. July 24, 2008); *In re Xavier's of Beville, Inc.*, 172 B.R. 667, 671 (Bankr. M.D. Fla. 1994).

[22] 139 S. Ct. 1795 (2019).

[23] *Id.* at 1804.

[24] *Id.* at 1802.

[25] *In re Denby-Peterson*, 941 F.3d 115, 122–23 & nn.27 & 30 (3d Cir. 2019).

[26] *Suh v. Anderson (In re Moo Jeong)*, No. 6:19-BK-10728-WJ, 2020 WL 1277575, at *4 & n.3 (B.A.P. 9th Cir. Mar. 16, 2020).

neither court was confronted squarely with the issue. And as for the bankruptcy courts, the courts appear split on the issue.

This Court declines to cast a vote on the issue of whether *Taggart* changed the "willfulness" standard under § 362(k) because under either standard, the Court concludes that the Association's actions were willful. It is clear that the Association had notice of the bankruptcy and that the Sanctions Motion was filed by the Association's attorneys, its authorized agents, with the Association's blessing. Thus, under the majority rule, the Association's actions were willful. Turning to *Taggart*, the Court finds that the Association's attorneys should be well versed on applicable bankruptcy law, particularly given their frequent appearances before this Court. And thus, for such informed attorneys to file the Sanctions Motion in the face of the plain language of § 362(a)(1), the Court finds their actions to be objectively unreasonable. While the Court does not doubt the attorneys' claims that filing the Sanctions Motion was a mistake,[27] the mistake was one of law and that is no excuse.

The Court therefore concludes that the Association willfully violated the automatic stay when it authorized and filed, though its agents, the Sanctions Motion in the state court after receiving notice of Debtor's bankruptcy. Having found a willful violation, Debtor is entitled to recover his actual damages,[28] which he claims comprise attorney's fees and costs.[29]

But the present record is insufficient to determine what those attorney's fees and costs are, much less whether those fees and costs were reasonable and necessary.[30] No attorney time records are before the Court upon which a fee award might be based. Plus, there is a gap in the

---

[27] Doc. 19 Ex. A.
[28] § 362(k)(1) (stating that an individual injured by a willful violation of the stay "shall recover" actual damages).
[29] Doc. 8 ¶ 13.
[30] *See Mantiply v. Horne (In re Horne)*, 876 F.3d 1076, 1081–85 (11th Cir. 2017); *Eskanos & Adler, P.C. v. Roman (In re Roman)*, 283 B.R. 1, 9–13 (B.A.P. 9th Cir. 2002).

timeline of events.  Specifically, it is unclear what interactions, if any, there were between the

parties from April 13, the date the Contempt Motion was filed in state court, and May 5, when

the Motion was filed in this Court.  Debtor claims that the Association did nothing to correct

the violation,[31] while the Association declares it proceeded no further after filing the Sanctions

Motion.[32]  Because of this factual gap and uncertainty whether further action was or was not

taken in the state court, the Court cannot say whether the Motion was necessary or vexatious.[33]

In addition to his claim for actual damages in the form of attorney's fees and costs,

Debtor seeks punitive damages against the Association.  While punitive damages are available

under § 362(k)(1) to remedy willful violations of the stay, they are appropriate only "when a

party acts with 'reckless or callous disregard for the law or rights of others.'"[34]  A heightened

standard is required because courts are generally reluctant to impose punitive sanctions absent

a showing that the offending party "acted with sufficient notice concerning the legal import of

its offending actions."[35]  The Court is rather suspect that the Association's actions will rise to

the level necessary to impose punitive sanctions, but as stated above, the present record is not

sufficiently developed.

Given the status of the record as discussed above, trial is necessary before the Court

may determine what damages Debtor shall recover from the Association for its willful violation

of the automatic stay.  Further, as Debtor has converted this case to chapter 13, it is appropriate

---

[31] Doc. 17 at 3

[32] Doc. 19 at 3 & Ex. A.

[33]  *Compare In re Parker*, 515 B.R. 337, 351–52 (Bankr. M.D. Ala. 2014) (allowing the debtor to recover "considerable fees" in prosecuting a motion under § 362(k) on a violation the court characterized as "both legally and factually quite simple" where those fees were "solely attributable to the intransigence of [the creditor] and its lawyer"), *with In re Houchens*, 85 B.R. 152, 154–55 (Bankr. N.D. Fla. 1988) (declining to award claimed attorney's fees and costs for prosecuting a motion under § 362(k) where "it is clear that a simple phone call . . . would have resolved the problem completely" and awarding instead nominal fees).

[34]  *Parker v. Credit Central South (In re Parker)*, 634 F. App'x 770, 773 (11th Cir. 2015) (quoting *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313, 1325 (11th Cir. 2015)).

[35]  *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313, 1325 (11th Cir. 2015).

to allow some time for the chapter 13 trustee, should she so desire, to weigh in on the issues given the estate's interest in any potential recovery.[36]

For these reasons, it is

**ORDERED AND ADJUDGED**:

1.  The Motion (Doc. 8) is granted, in part.

2.  The Court finds that the Association willfully violated the automatic stay when it filed, though its attorneys, the Sanctions Motion after receiving notice of Debtor's bankruptcy and that Debtor is therefore entitled to recover his actual damages.

3.  By separate order, the Court shall set the issue of Debtor's damages for trial.

Service of this Order other than by CM/ECF is not required.  Local Rule 9013-3(b).

---

[36]  § 1306(a)(1).